# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMC CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> PARALLEL IRON, LLC. <br><br> Defendant. | ) <br> ) <br> ) Case No. <br> ) <br> ) **COMPLAINT FOR DECLARATORY** <br> ) **JUDGMENT OF PATENT NON-** <br> ) **INFRINGEMENT AND/OR PATENT** <br> ) **INVALIDITY** <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) |

Plaintiff EMC Corporation ("EMC" or "Plaintiff"), by its attorneys, Ropes & Gray LLP, files this Complaint against Defendant Parallel Iron, LLC ("Parallel Iron") and avers as follows:

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment of non-infringement and/or invalidity of United States Patent Nos. 7,197,662 (the "'662 patent"), 7,543,177 (the "'177 patent"), and 7,958,388 (the "'388 patent").

## THE PARTIES

2.      Plaintiff EMC is a Massachusetts corporation having its principal place of business in Hopkinton, MA.

3.      On information and belief, Defendant Parallel Iron is a Delaware Limited Liability Company.

## JURISDICTION AND VENUE

4.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338 and 2201-2202.

5.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has systematic and substantial contacts within the Commonwealth of Massachusetts by virtue of its business activities in pursuing, negotiating and entering into agreements with companies located in the District of Massachusetts, including at least Accela Communications, Inc. and EMC Corp.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) because a substantial part of the events giving rise to the claims at issue occurred in this District.

## CASE AND CONTROVERSY

7.      The '662 patent issued on March 27, 2007 to named inventors Melvin James Bullen, Steven Louis Dodd, William Thomas Lynch, David James Herbison and is entitled "Methods and Systems for a Storage System."

8.      Parallel Iron contends that it is the present owner of the '662 patent.

9.      The '177 patent issued on June 2, 2009 to named inventors Melvin James Bullen, Steven Louis Dodd, William Thomas Lynch, David James Herbison and is entitled "Methods and Systems for a Storage System."

10.     Parallel Iron contends that it is the present owner of the '177 patent.

11.     The '388 patent issued on June 7, 2011 to named inventors Melvin James Bullen, Steven Louis Dodd, William Thomas Lynch, David James Herbison and is entitled "Methods and Systems for a Storage System."

12.     Parallel Iron contends that it is the present owner of the '388 patent.

### Parallel Iron's Previous Patent Infringement Suits in the Eastern District of Texas and the District of Delaware

13.     On September 9, 2011, Parallel Iron filed a Complaint in the United States District Court for the Eastern District of Texas against six companies, including Accela Communications, Inc. ("Accela") (*Parallel Iron, LLC v. Accela Communications Inc.*, civil action number 6:11-cv-00036-LED).  The Complaint alleged, *inter alia*, infringement of U.S.

Patent No. 7,415,565 ("the '565 patent") entitled "Methods and Systems for a Storage System With a Program-Controlled Switch for Routing Data" by Accela's "file storage system."

14. On September 9, 2011, Parallel Iron filed a Complaint in the United States District Court for the District of Delaware against fifteen companies, including EMC (*Parallel Iron, LLC v. Adconion Media Inc.*, civil action number 1:11-cv-00799). The Complaint alleged, *inter alia*, infringement of the '565 Patent by an EMC "file storage system, including at least a Hadoop Distributed File System."

15. On May 29, 2012, counsel for Parallel Iron notified EMC that it intended to dismiss the *Parallel Iron, LLC v. Adconion Media Inc.* action in light of a challenge to Parallel Iron's standing to sue for infringement of the '565 patent. EMC and Parallel Iron have been negotiating a settlement agreement whereby EMC will receive a license to the '565 patent.

16. On June 18, 2012, Parallel Iron filed a new Complaint in the United States District Court for the District of Delaware against EMC (*Parallel Iron v. EMC Corp.*) The new Complaint alleges, *inter alia*, infringement of the '662 patent, '177 patent, and '388 patent by an EMC "product and/or service implementing Hadoop Distributed File System (HDFS)" and an EMC "product and/or service implementing parallel Network File System (pNFS)."

**Parallel Iron's Business Activities With Companies In The District of Massachusetts, Including EMC**

17. On information and belief, defendant Accela in the *Parallel Iron, LLC v. Accela Communications Inc.* (6:11-cv-00036-LED) has a principal place of business at 136 Turnpike Road, Southborough, MA 01772.

18. On September 16, 2011, Parallel Iron and Accela filed a joint motion to dismiss all claims against Accela with prejudice "subject to the terms of that certain agreement entitled 'PATENTS IN SUIT SETTLEMENT AGREEMENT' and dated September 15, 2011." The Court granted the motion on September 19, 2011.

19.     On information and belief, Parallel Iron engaged in business activities, including active correspondence and exchange of business documents, with Accela with the express intent of obtaining monetary consideration in return for a patent license and/or covenant not to sue as well as settlement of the lawsuit.

20.     On information and belief, Parallel Iron has received or is contracted to receive monetary consideration from Accela, thereby benefiting from Massachusetts companies in the form of monies and other business consideration.

21.     According to the allegations of Parallel Iron in paragraph 10 of its Complaint in the new *Parallel Iron, LLC v. EMC Corp.* litigation, Parallel Iron, by and through its parent entity, Ring Technology Enterprises, Inc. ("RING") and its agent Douglas J. Morgan, engaged in business activities, including active correspondence and exchange of business documents, with EMC with the express intent of obtaining monetary consideration in return for a patent license and/or covenant not to sue relating to RING's patent portfolio.

22.     Parallel Iron, by and through its agents, continues to engage in direct activities in this district, including efforts to enter patent licensing agreements with companies located in this district, including on-going negotiations with EMC regarding the first *Parallel Iron, LLC v. Adconion Media Inc.* (1:11-cv-00799-RGA) matter.  Representatives for Parallel Iron contacted EMC employees in this district in November 2011 to engage in licensing discussions and business negotiations regarding the '565 patent.  These communications continued through April 2012.  Parallel Iron and EMC employees in this district continue to engage in further business discussions regarding the '565 patent, including active correspondence and exchange of business documents.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the '662 Patent)

23.     EMC incorporates and realleges each of the averments of paragraphs 1-21.

24.     In *Parallel Iron v. EMC Corp.*¸ Parallel Iron has asserted that EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" each infringe the '662 patent.

25.     EMC contends that it does not infringe, either directly or indirectly, any valid claim of the '662 patent.

26.     An actual and justiciable controversy exists between EMC and Parallel Iron as to whether the '662 patent is infringed by either of EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" or "product and/or service implementing parallel Network File System (pNFS)".

27.     EMC seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that its "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" are not infringing and have not infringed, directly or indirectly, any valid claim of the '662 patent and granting to EMC all other declaratory relief to which it may be entitled.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the '662 Patent)

28.     EMC incorporates and realleges each of the averments of paragraphs 1-26.

29.     EMC contends that one or more claims of the '662 patent are invalid for failure to comply with one or more of the requirements for patentability of 35 U.S.C. §§ 101, 102, 103 and 112.

30.     An actual and justiciable controversy exists between EMC and Parallel Iron as to whether the '662 patent is valid.

31.     EMC seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that one or more claims of the '662 patent are invalid and granting to EMC all other declaratory relief to which it may be entitled.

## COUNT THREE

### (Declaratory Judgment of Non-Infringement of the '388 Patent)

32.     EMC incorporates and realleges each of the averments of paragraphs 1-31.

33.     In *Parallel Iron v. EMC Corp.*¸ Parallel Iron has asserted that EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" each infringe the '388 patent.

34.     EMC contends that it does not infringe, either directly or indirectly, any valid claim of the '388 patent.

35.     An actual and justiciable controversy exists between EMC and Parallel Iron as to whether the '388 patent is infringed by either of EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" or "product and/or service implementing parallel Network File System (pNFS)".

36.     EMC seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that its "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" are not infringing and have not infringed, directly or indirectly, any valid claim of the '388 patent and granting to EMC all other declaratory relief to which it may be entitled.

## COUNT FOUR

### (Declaratory Judgment of Invalidity of the '388 Patent)

37.     EMC incorporates and realleges each of the averments of paragraphs 1-35.

38.     EMC contends that one or more claims of the '388 patent are invalid for failure to comply with one or more of the requirements for patentability of 35 U.S.C. §§ 101, 102, 103 and 112.

39.     An actual and justiciable controversy exists between EMC and Parallel Iron as to whether the '388 patent is valid.

40.     EMC seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that one or more claims of the '388 patent are invalid and granting to EMC all other declaratory relief to which it may be entitled.

## COUNT FIVE

### (Declaratory Judgment of Non-Infringement of the '177 Patent)

41.     EMC incorporates and realleges each of the averments of paragraphs 1-39.

42.     In *Parallel Iron v. EMC Corp.*, Parallel Iron has asserted that EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" each infringe the '177 patent.

43.     EMC contends that it does not infringe, either directly or indirectly, any valid claim of the '177 patent.

44.     An actual and justiciable controversy exists between EMC and Parallel Iron as to whether the '177 patent is infringed by either of EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" or "product and/or service implementing parallel Network File System (pNFS)".

45.     EMC seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that its "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" are not infringing and have not infringed, directly or indirectly, any valid claim of the '177 patent and granting EMC all other declaratory relief to which it may be entitled.

## COUNT SIX

### (Declaratory Judgment of Invalidity of the '177 Patent)

46.     EMC incorporates and realleges each of the averments of paragraphs 1-44.

47.     EMC contends that one or more claims of the '177 patent are invalid for failure to comply with one or more of the requirements for patentability of 35 U.S.C. §§ 101, 102, 103 and 112.

48.     An actual and justiciable controversy exists between EMC and Parallel Iron as to whether the '177 patent is valid.

49.     EMC seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that one or more claims of the '177 patent are invalid and granting EMC all other declaratory relief to which it may be entitled.


**PRAYER FOR RELIEF**

WHEREFORE, EMC prays for relief judgment:

A.     Declaring that EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" have not infringed and are not infringing, directly or indirectly, any valid claim of the '662 patent;

B.     Declaring that the claims of the '662 patent are invalid;

C.     Preliminarily and permanently enjoining Parallel Iron, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against EMC, and customers, potential customers or users of EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)", any charge of infringement of the '662 patent;

D.     Preliminarily and permanently enjoining Parallel Iron, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil

action or actions against EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" or its customers, or users of the products, for alleged infringement of the '662 patent;

E.      Declaring that EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" have not infringed and are not infringing, directly or indirectly, any claim of the '388 patent;

F.      Declaring that the claims of the '388 patent are invalid;

G.      Preliminarily and permanently enjoining Parallel Iron, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert EMC, and against customers, potential customers or users of EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)", any charge of infringement of the '388 patent;

H.      Preliminarily and permanently enjoining Parallel Iron, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" or its customers, or users of the products, for alleged infringement of the '388 patent;

I.      Declaring that EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" have not infringed and are not infringing, directly or indirectly, any claim of the '177 patent;

J.      Declaring that the claims of the '177 patent are invalid;

K.      Preliminarily and permanently enjoining Parallel Iron, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against EMC, and customers, potential customers or users of EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)", any charge of infringement of the '177 patent;

L.      Preliminarily and permanently enjoining Parallel Iron, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against EMC's "product and/or service implementing Hadoop Distributed File System (HDFS)" and "product and/or service implementing parallel Network File System (pNFS)" or its customers, or users of the products, for alleged infringement of the '177 patent;

M.      Awarding to EMC its costs and attorneys' fees; and

N.      Granting to EMC such further necessary or proper relief as the Court may deem just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues eligible for submission to a jury.

Respectfully submitted,

June 19, 2012.

By: /s Samuel L. Brenner (BBO # 677812)

Dalila A. Wendlandt (BBO # 639280)
Samuel L. Brenner (BBO # 677812)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
*dalila.wendlandt@ropesgray.com*
*samuel.brenner@ropesgray.com*
Tel.: (617) 951-7884
Fax: (617) 951-7050

*Of Counsel:*
Jesse J. Jenner (*pro hac vice* pending)
Khue V. Hoang (*pro hac vice* pending)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*jesse.jenner@ropesgray.com*
*khue.hoang@ropesgray.com*
Tel.: (212) 596-9000
Fax: (212) 596-9090

Nicole M. Jantzi (*pro hac vice* pending)
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
*nicole.jantzi@ropesgray.com*
Tel.: (202) 508-4668
Fax: (202) 508-4650

Krishnendu Gupta (*pro hac vice* pending)
William R. Clark (*pro hac vice* pending)
EMC Corporation
176 South Street
Hopkinton, MA 01748
*krish.gupta@emc.com*
*william.clark@emc.com*
Tel.: (508) 435-1000

Attorneys for EMC Corporation